Fuchsberg, J.
(dissenting in part). As no two people are alike, so no two cases are alike. Only in that sense do the two charges on which this complaint was lodged differ from one another.
In each instance, the close friend and long time neighbor at whose behest the petitioner communicated with a third person was the same. In each, the one to whom the communication was made was an acquaintance of long standing. Each, in his own right a public official of some prominence, was not likely to be overawed by petitioner’s then relatively modest judicial rank; there is not the slightest indication in the record that they were and, in any event, since the condition of which Mazzuka was complaining was administrative inertia with regard to a ministerial bureaucratic matter, it could have had no substantive effect. Indeed, in each, the record is uncontradicted that no substantive benefit was sought or received by the friend, but only that his matter be processed without undue delay. And Deputy Director Basora of the License Department, who had personal responsibility for the matter on which the Per Curiam now admonishes the petitioner and whom the referee characterized as "credible”, testified without contradiction that he was unaware that the petitioner was involved in any way. Finally, in neither did the petitioner purport to act as a Judge; as the commission’s determination agrees, he never "expressly asserted his judicial office”, so that *574 its language that he "knew or should have known” that his judicial position would carry weight, no matter how sincerely employed, is necessarily limited in its import by its conclusory nature (emphasis added).
Understandably then, the court now finds it necessary to dismiss the first charge and reduce the sanction on the very parallel second charge. In this connection, I would have thought that the fact that the petitioner is found blameless in the one instance would have served as proof positive of a standard of personal conduct that would dissipate any different assumption as to the very similar second one. One cannot help but reflect on the opposite inferences that may have flowed if the situation had been reversed.
Moreover, in this day, when, unfortunately; the moorings the teacher, the preacher and the pater once provided no longer hold sway, a Judge at times may find himself the Nestor to whom community friends will turn for wise direction.
If, on a single occasion — on which, concededly, here no substantive harm was done — 20-20 hindsight finds that, no matter with what innocent intentions, he strayed from the broad standards which are made more particular today, the taint of a sanction is not necessarily in order. For Judges are but men and women who are nonetheless worthy though, like all human beings, they are sometimes less than perfect.
Therefore, employing the extraordinary power the State Constitution grants to this court to act in such cases on both the facts and the law, I vote to dismiss the second count as well (NY Const, art VI, § 20, subd b; Matter of Spector v State Comm. on Judicial Conduct, 47 NY2d 462, 465-466).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Judge Fuchsberg dissents in part and votes to reject the determined sanction and dismiss both charges, in a separate opinion; Judge Meyer taking no part.
Determined sanction rejected, without costs, Charge I dismissed and the sanction of admonishment imposed with respect to Charge II.